U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

APR 14 2009

TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 08-00315 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RONALD M. LELEAUX, JR. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Ronald M. Leleaux, Jr.'s ("Leleaux") "Custody Writ/C.F.T.S.'"" [Doc. No. 29]. Leleaux moves the Court to "order the U.S. Marshalls [sic] Office or U.S.B.O.P., to remand me out of state custody and back to federal custody where I can serve my Federal sentence." Leleaux explains that he was taken back to state custody after he was sentenced to one year and one day in this Court.

Additionally, Leleaux asks that he be given credit on his federal sentence for time he spends in state custody. He contends that he cannot bond out on his state charges because of the federal detainer. He cites U.S.S.G. § 3G1.3 for the proposition that he can be given credit for time served on a state sentence or time spent in state custody if that time is not credited toward any other sentence.

### Facts

On October 18, 2008, Leleaux was arrested by the West Monroe Police Department for battery domestic abuse and false imprisonment.

On October 24, 2008, the United States Probation Office filed a Petition seeking

revocation of Leleaux's supervised release for commission of another crime. On that same date, the Court issued a warrant for Leleaux's arrest.

However, Leleaux was in the custody of the State of Louisiana and held at the Ouachita Correctional Center. On November 21, 2008, Magistrate Judge Hayes granted the Government's Petition for Writ of Habeas Corpus Ad Prosequendum.

On December 1, 2008, after an initial appearance before Magistrate Judge Hayes, Leleaux was released to state custody.

On January 26, 2009, Magistrate Judge Hayes granted the Government's Second Petition for Writ of Habeas Corpus Ad Prosequendum. A final revocation hearing was set for February 3, 2009, but because of issues raised at that time, the hearing was continued to March 3, 2009.

On March 3, 2009, the hearing was again continued.

On March 23, 2009, the final revocation hearing was held. Leleaux admitted his guilt for failing to report his arrest to his probation officer. Accordingly, the Court revoked Leleaux's supervised release and sentenced him to one year and one day imprisonment.

According to Leleaux, he was then returned to state custody where he currently remains.

## Law and Analysis

### A.   Credit for Time Served

A claim for time served must proceed via a petition for *habeas corpus* under 28 U.S.C. § 2241. *United States v. Mares*, 868 F.2d 151 (5th Cir. 1989) (per curiam).

Pursuant to 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . (1) as a result of the offense for which the sentence was imposed . . .

2

that has not been credited against another sentence." However, credit for time served is to be calculated and awarded by the Attorney General through the Bureau of Prisons ("BOP"). *United States v. Wilson*, 503 U.S. 329, 335 (1992). A district court is not authorized to compute service credit under § 3585. *Id.*; *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).

Once the BOP calculates any credit to be awarded Leleaux, he must exhaust his administrative remedies through the BOP. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990) (citations omitted). If Leleaux is still dissatisfied with the BOP's calculation at that time, he may then seek review in the federal district court for the district in which he is incarcerated.

For clarification to Leleaux, the Court notes these general guidelines the BOP uses in calculating any credit for time served. Generally, a defendant will not be deemed to have been "in custody" any time his presence in federal court is secured through a Writ of Habeas Corpus Ad Prosequendum. Further, the BOP is not permitted to credit a defendant with time served in state prison, or in federal custody awaiting sentencing, if that time has been credited against his state sentence. 18 U.S.C. § 3585(b); *see also Arzate-Cornejo v. Miles*, No. 00-50569, 244 F.3d 137, 2000 WL 1901629 at *1 (5th Cir. Dec. 13, 2000). Because there has been no resolution of Leleaux's state case, the BOP cannot determine at this point what credit he will receive credit toward his federal sentence.

**B.     Remand to Federal Custody**

To the extent that Leleaux seeks an order remanding him to federal custody, the Court finds that it has no authority over the state court. If there are any further proceedings in this case, the Court could order Leleaux brought back to this Court under a writ of habeas corpus ad

3

prosequendum.

## Conclusion

For the foregoing reasons, Leleaux's "Custody Writ/C.F.T.S.""[Doc. No. 29] is DENIED.

MONROE, LOUISIANA, this 14 day of April, 2007.

                                                                ROBERT G. JAMES
                                                      UNITED STATES DISTRICT JUDGE